Jordon Harlan, Esq. (CA #273978)
**HARLAN LAW, P.C.**
2404 Broadway, 2nd Floor
San Diego, CA 92102
Telephone: (619) 870-0802
Fax: (619) 870-0815
Email: jordon@harlanpc.com

Adam J. Kress, Esq. (MN #0397289)
*Pro Hac Vice to be filed*
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: akress@johnsonbecker.com

*Attorneys for Plaintiff Kathleen Hoenow*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KATHLEEN HOENOW,** an individual, | Case No.: |
| **Plaintiff,** | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **SUNBEAM PRODUCTS, INC.,** a Florida Corporation, | 1. Strict Products Liability |
| **Defendant.** | 2. Negligent Products Liability |
| | 3. Breach of Implied Warranty of Merchantability |
| | 4. Breach of Implied Warranty of Fitness for a Particular Purpose |

Plaintiff, **KATHLEEN HOENOW** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **HARLAN LAW, P.C.**, hereby submits the following Complaint and Demand for Jury Trial against Defendant **SUNBEAM PRODUCTS, INC.**, and alleges the following upon personal

1
**COMPLAINT AND DEMAND FOR JURY TRIAL**

knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. Defendant Sunbeam Products. Inc. (hereinafter generally referred to as "Defendant Sunbeam") designs, manufactures, markets, imports, distributes and sells a wide-range of consumer products, including the subject "Crock-Pot Express Crock Multicooker," which specifically includes the Model Number SCCPPC 600-V1 (referred to hereafter as "Pressure Cooker(s)").

2. Defendant Sunbeam touts that its Pressure Cookers are designed with "safety in mind,"[1] which include supposed "safety measures"[2] such as "safety sensors"[3] that purport to keep the lid from being opened while the unit is under pressure.

3. Despite Defendant Sunbeam's claims of "safety," it designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

4. Specifically, said defects manifest themselves when, despite Defendant Sunbeam's statements, the lid of the Pressure Cooker is removable with built-up pressure, heat and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiff in this case was able to remove the lid while the Pressure Cooker retained pressure, causing her serious and substantial bodily injuries and damages.

5. On November 24, 2020, the Consumer Products Safety Commission ("CPSC") announced a recall of more than 900,000 of Defendant Sunbeam's

---

[1] *See* Sunbeam Products, Inc. Crock-Pot Express Crock Multicooker Owner's Manual, pg. 10, attached hereto as Exhibit A
[2] *Id.*
[3] *Id.*

SCCPPC600-V1 pressure cookers, which includes the subject pressure cooker, after receiving "**119 reports of lid detachment, resulting in 99 burn injuries ranging in severity from first-degree to third-degree burns**."[4]

6.  Defendant Sunbeam knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its Pressure Cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to timely recall the dangerously defective Pressure Cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

7.  Defendant Sunbeam ignored and/or concealed its knowledge of these defects in its Pressure Cookers from the Plaintiff in this case, as well as the public in general, in order to continue generating a profit from the sale of said Pressure Cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her.

8.  As a direct and proximate result of Defendant Sunbeam's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF KATHLEEN HOENOW

9.  Plaintiff is a resident and citizen of the city of Sacramento, County of Sacramento, State of California.

10. On or about May 9, 2020, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the Pressure Cooker's lid being able to be rotated and opened while the Pressure Cooker was still under pressure, during the normal, directed use of the Pressure Cooker, allowing its scalding hot contents to be forcefully ejected from the Pressure Cooker and onto Plaintiff. The incident occurred

---

[4] *See* the CPSC Recall notice from November 24, 2020 (https://www.cpsc.gov/Recalls/2020/crock-pot-6-quart-express-crock-multi-cookers-recalled-by-sunbeam-products-due-to-burn#), a copy of which is attached hereto as Exhibit B.

1 as a result of the failure of the Pressure Cooker's supposed "safety measures," which
2 purport to keep the consumer safe while using the Pressure Cooker. In addition, the
3 incident occurred as the result of Defendant Sunbeam's failure to redesign the
4 Pressure Cooker, despite the existence of economical, safer alternative designs.

## DEFENDANT SUNBEAM PRODUCTS, INC.

11. Defendant Sunbeam designs, manufacturers, markets, imports, distributes and sells a variety of consumer products[5] including pressure cookers, toasters, panini makers, and mixers, amongst others.

12. Defendant Sunbeam claims that through its "cutting-edge innovation and intelligent design"[6] it has been "simplifying the lives of everyday people"[7] for "over 100 years".[8]

13. Defendant Sunbeam is a Delaware Corporation with its registered place of business at 1293 North University Drive, #322 City of Coral Springs, Broward County, Florida 33071, and its principal place of business located at 2381 Executive Center Drive, Boca Raton, Florida 33431.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the California and intentionally

---

[5] *See generally*, https://www.sunbeam.com/ (last accessed March 28, 2022).
[6] See, https://www.newellbrands.com/our-brands/sunbeam (last accessed March 28, 2022).
[7] *Id.*
[8] *Id.*

4
**COMPLAINT AND DEMAND FOR JURY TRIAL**

availed itself of the markets within California through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

16. Defendant Sunbeam is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the Pressure Cookers at issue in this litigation.

17. Defendant Sunbeam aggressively warrants, markets, advertises and sells its Pressure Cookers as "an all-in-one appliance that's always ready when you are,"[9] allowing consumers to cook "instant, healthy, home-cooked dish in under an hour."[10]

18. According to the Owner's Manual[11] accompanying each individual unit sold, the Pressure Cookers purport to be designed with "safety in mind and has various safety measures."[12]

19. For instances, the Defendant Sunbeam claims that it's pressure cookers include "safety sensors"[13] to keep the lid from being opened while the unit is under pressure; that "[p]ressure will not build if the Lid is not shut correctly and has not sealed"[14]; and that "[o]nce the pressure increases, the Lid cannot be opened."[15]

20. In addition to the "safety measures" listed in the manual, Defendant Sunbeam's Crock-Pot website claims that consumers can "cook with confidence"

---

[9] *See* https://www.crock-pot.com/multi-cookers/express-crock/crock-pot-6-quart-express-crock-multi-cooker/SCCPPC600-V1.html (last accessed March 28, 2022).

[10] *Id.*

[11] *See* Sunbeam Products, Inc. Crock-Pot Express Crock Multicooker Owner's Manual ("Exhibit A"), pg. 10.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

because the "airtight locking lid remains locked while pressure is inside the unit."[16]

21.  On November 24, 2020, the Consumer Products Safety Commission ("CPSC") announced a recall of more than 900,000 of Defendant Sunbeam's SCCPPC600-V1 pressure cookers, which includes the subject pressure cooker, after receiving "**119 reports of lid detachment, resulting in 99 burn injuries ranging in severity from first-degree to third-degree burns**."[17]

22.  By reason of the forgoing acts or omissions, the above-named Plaintiff and/or her family purchased their Pressure Cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

23.  Plaintiff used her Pressure Cooker for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by Defendant Sunbeam.

24.  However, the aforementioned Pressure Cooker was defectively designed and manufactured by Defendant Sunbeam in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the Pressure Cookers.

25.  Defendant Sunbeam's Pressure Cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

---

[16] *See* https://www.crock-pot.com/multi-cookers/express-crock/crock-pot-6-quart-express-crock-multi-cooker/SCCPPC600-V1.html (last accessed March 28, 2022).

[17] *See* the CPSC Recall notice from November 24, 2020 (https://www.cpsc.gov/Recalls/2020/crock-pot-6-quart-express-crock-multi-cookers-recalled-by-sunbeam-products-due-to-burn#), a copy of which is attached hereto as Exhibit B.

26. Further, Defendant Sunbeam's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

27. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

28. As a direct and proximate result of Defendant Sunbeam's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous Pressure Cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the Pressure Cooker.

29. Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant Sunbeam's Pressure Cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## FIRST CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY

PLAINTIFF, FOR A FIRST CAUSE OF ACTION AGANST SUNBEAM PRODUCTS, INC., ALLEGES AS FOLLOWS:

30. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

31. At the time of Plaintiff's injuries, Defendant's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

32. Defendant's pressure cookers were in the same or substantially similar condition as when they left the possession of the Defendant.

33. Plaintiff and her family did not misuse or materially alter the pressure cooker.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

34. The pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

35. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

  a. The pressure cookers designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

  b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

  c. Defendant failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

  d. Defendant failed to warn and place adequate warnings and instructions on the pressure cookers;

  e. Defendant failed to adequately test the pressure cookers; and

  f. Defendant failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

36. At the time of Plaintiff's injuries, Defendant's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

37. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the

Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

## SECOND CAUSE OF ACTION

## NEGLIGENT PRODUCTS LIABILITY

PLAINTIFF, FOR A SECOND CAUSE OF ACTION AGANST SUNBEAM PRODUCTS, INC., ALLEGES AS FOLLOWS:

38. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

39. Defendant had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for its intended uses by consumers, such as Plaintiff and her family.

40. Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendant knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

41. Defendant were negligent in the design, manufacture, advertising, warning, marketing and sale of its pressure cookers in that, among other things, it:

  a. Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;
  b. Placed an unsafe product into the stream of commerce; and
  c. Were otherwise careless or negligent.

42. Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendant continued to market its pressure cookers to the general public.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the

Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

## THIRD CAUSE OF ACTION

## **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

PLAINTIFF, FOR A THIRD CAUSE OF ACTION AGANST SUNBEAM PRODUCTS, INC., ALLEGES AS FOLLOWS

43. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

44. At the time Defendant marketed, distributed and sold its pressure cookers to the Plaintiff in this case, Defendant warranted that its pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

45. Members of the consuming public, including consumers such as Plaintiff, were intended third-party beneficiaries of the warranty.

46. Plaintiff reasonably relied on Defendant's representations that its pressure cookers were a quick, effective and safe means of cooking.

47. Defendant's pressure cookers were not merchantable because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

48. Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

49. Defendant's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek

punitive damages if and when evidence or facts supporting such allegations are discovered.

## FOURTH CAUSE OF ACTION

### BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

PLAINTIFF, FOR A FOURTH CAUSE OF ACTION SUNBEAM PRODUCTS, INC.., ALLEGES AS FOLLOWS:

50. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

51. Defendant manufactured, supplied, and sold its pressure cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

52. Members of the consuming public, including consumers such as Plaintiff, were the intended third-party beneficiaries of the warranty.

53. Defendant's pressure cookers were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with its use.

54. Plaintiff reasonably relied on Defendant's representations that its pressure cookers were a quick, effective and safe means of cooking.

55. Defendant's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for and punitive damages according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

### INJURIES & DAMAGES

56. As a direct and proximate result of Defendant's collective negligence and

wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

57.     As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

58.     As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the catastrophic burns she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendant for her past, present and future medical and other expenses in an amount which shall be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

A. That Plaintiff has a trial by jury on all of the claims and issues;

B. That judgment be entered in favor of the Plaintiff and against Defendant on all of the aforementioned claims and issues;

C. That Plaintiff recover all damages against Defendant, general damages and special damages, including economic and non-economic, to compensate the Plaintiff for her injuries and suffering sustained because of the use of the Defendant's defective pressure cooker;

D. That all costs be taxed against Defendant;

E. That prejudgment interest be awarded according to proof;

    F.  That Plaintiff be awarded attorney's fees to the extent permissible under Federal and California law; and

    G.  That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Dated: May 2, 2022

**HARLAN LAW, P.C**

*/s/ Jordon Harlan, Esq*
Jordon Harlan, Esq. (CA #273978)
2404 Broadway, 2nd Floor
San Diego, CA 92102
Telephone: (619) 870-0802
Fax: (619) 870-0815
Email: jordon@harlanpc.com

*In association with*:

**JOHNSON BECKER, PLLC.**

Adam J. Kress, Esq.
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: akress@johnsonbecker.com

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury of all the claims asserted in this Complaint so triable.

Dated: May 2, 2022          JOHNSON BECKER, PLLC


                                   By */s/ Jordon Harlan, Esq*
                                   Jordon Harlan, Esq. (CA #273978)